# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

JAVIER RIVERA-BENITO
a/k/a VENINO VARGAS,

v.

CRIMINAL ACTION FILE
NO.: 4:10-CR-19-02-HLM-
WEJ

CIVIL ACTION FILE NO.:
4:12-CV-0109-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence, which Petitioner

filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [146], on

the Final Report and Recommendation of United States

Magistrate Judge Walter E. Johnson [169], on Judge

Johnson's Supplemental Final Report and

Recommendation [205], and on Petitioner's Objections to the Supplemental Final Report and Recommendation [207].

## I.   Standard   of   Review   for   a   Report   and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894

AO 72A
(Rev.8/8
2)

F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).   If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error.   Macort, 208 F. App'x at 784.   Legal conclusions, of course, are subject to de novo review even if no party specifically objects.   United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

On May 20, 2010, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Petitioner and four co-defendants.   (Docket Entry No. 1.) On March 2, 2011, Petitioner pleaded guilty to counts twelve and fourteen of the indictment.   (Docket Entry Nos. 96-97.)

3

On May 12, 2011, Senior United States District Judge Robert L. Vining, Jr. sentenced Petitioner to 121 months of imprisonment on count twelve, to be followed by five years of supervised release, and to 121 months of imprisonment on count fourteen, to be followed by three years of supervised release and to run concurrently with the sentence imposed on count twelve. (Docket Entry Nos. 118, 121.)

On May 10, 2012, Petitioner, through counsel, filed a § 2255 Motion. (Docket Entry No. 146.) Petitioner asserted the following grounds for relief: (1) he was incompetent to enter a guilty plea on grounds of mental retardation (id. at 4); (2) his counsel provided ineffective assistance by failing to investigate Petitioner's mental retardation or litigate the surrounding issues (id. at 5); (3) his guilty plea was not

4

knowingly and voluntarily entered (id. at 7); and (4) the Court failed to inquire about Petitioner's competency before allowing Petitioner to enter a guilty plea (id. at 8).

On September 11, 2013, Judge Johnson issued his Final Report and Recommendation.  (Docket Entry No. 169.)  Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion.  (Id.)

On October 17, 2013, Judge Vining entered an Order holding in abeyance the Final Report and Recommendation and directing Judge Johnson to hold an evidentiary hearing and submit a Supplemental Final Report and Recommendation.  (Order of Oct. 17, 2013 (Docket Entry No. 175.)  Judge Vining later retired, and the Clerk reassigned the case to the undersigned.  (Second Unnumbered Docket Entry Dated Aug. 29, 2014.)

On September 10, 2014, Judge Johnson held an evidentiary hearing. (Docket Entry No. 190.) On October 23, 2014, Judge Johnson held a continued evidentiary hearing. (Docket Entry No. 192.)

On May 7, 2015, Judge Johnson issued his Supplemental Final Report and Recommendation. (Docket Entry No. 205.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion.

Petitioner has filed Objections to the Supplemental Final Report and Recommendation. (Docket Entry No. 207.) The time period in which the Government could file a response to those Objections has expired, and the Court finds that the matter is ripe for resolution.

6

AO 72A
(Rev.8/8
2)

## III. Discussion

Judge Johnson correctly set forth the standard of review associated with a § 2255 Motion. (Suppl. Final Report & Recommendation (Docket Entry No. 205) at 2.) The Court incorporates that portion of the Supplemental Final Report and Recommendation into this Order as if set forth fully herein.

At the outset, the Court rejects Petitioner's contention in his Objections that Judge Johnson failed to follow the instructions in Judge Vining's remand Order. (Objections (Docket Entry No. 207) at 3-4.) The remand Order simply directed Judge Johnson "to conduct an evidentiary hearing and then submit a supplemental report based upon the results of that hearing." (Order of Oct. 17, 2013 (Docket Entry 175)) at 4.) Judge Johnson held two lengthy

7

AO 72A

(Rev.8/8
2)

evidentiary hearings to address the § 2255 Motion (Docket Entry Nos. 190, 192), and then issued his Supplemental Final Report and Recommendation.   Judge Johnson thus complied with Judge Vining's remand Order.   Perhaps Judge Johnson's Supplemental Final Report and Recommendation could have summarized the testimony given at those hearings; however, the Court's own review of that testimony demonstrates that the testimony supports Judge Johnson's conclusions in his Supplemental Final Report and Recommendation.   The Court therefore overrules this portion of Petitioner's Objections. (Objections at 3-4.)

## A.   Ground Two: Ineffective Assistance of Counsel

Judge Johnson correctly noted that Petitioner's post-evidentiary hearing briefs did not address the second

8

ground for relief set forth in Petitioner's § 2255 Motion--that his "[c]ounsel was ineffective for failing to investigate [Petitioner's] mental retardation and for failing to litigate issues surrounding [Petitioner's] retardation." (Suppl. Final Report & Recommendation at 3.)   Judge Johnson recommended that the Court deny relief to Petitioner on this grounds for the reasons set forth in the Final Report and Recommendation.   (Id.)   In the Final Report and Recommendation, Judge Johnson correctly set forth the standard governing an ineffective assistance of counsel claim. (Final Report & Recommendation (Docket Entry No. 169) at 15-16.)  Judge Johnson then correctly concluded that even if Petitioner's "counsel's investigation of the case was deficient, [Petitioner] has not shown prejudice," noting that Petitioner "does not assert that he would have insisted

9

on going to trial if he had known that counsel was unaware of the mental retardation prior to the guilty plea." (Id. at 17.) Petitioner does not explicitly address this claim in his latest-filed Objections (see generally Objections (Docket Entry No. 205)), but objected to the proposed denial of relief on this claim in his earlier-filed Objections (Objections (Docket Entry No. 171) at 20-25).   The Court agrees with Judge Johnson's assessment of this claim, adopts the portions of the Final Report and Recommendation and the Supplemental Final Report and Recommendation relating to this claim, overrules Petitioner's corresponding Objections, and denies this portion of Petitioner's § 2255 Motion.

10

## B.   Ground One: Alleged Incompetency to Enter Guilty Plea

In ground one of his § 2255 Motion, Petitioner argues that he was incompetent to enter a guilty plea because of his mental retardation.   (§ 2255 Motion at 4.)   Judge Johnson correctly determined that this claim "is a substantive competency claim."   (Suppl. Final Report & Recommendation at 4.)   The United States Court of Appeals for the Eleventh Circuit has observed:

> Incompetency means suffering form a mental disease or defect rendering [defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [A] petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence.

11

<u>Battle v. United States</u>, 419 F.3d 1292, 1298 (11th Cir. 2005) (per curiam) (alterations in original) (internal quotation marks and citations omitted).

In support of his contention that he was incompetent when he pleaded guilty, Petitioner relies on evaluations and testimony from Dr. Jorge A. Herrera and Dr. Adriana L. Flores, as well as nine occasions during the plea colloquy in which Petitioner asked Judge Vining for clarification or stated that he did not understand Judge Vining's question or had forgotten something. (Pet'r's Post-Hr'g Br. (Docket Entry No. 198) at 2-21.) The Court agrees with Judge Johnson's conclusions that "Dr. Herrera found that [Petitioner] could assist his attorney in his defense" (Suppl. Final Report & Recommendation at 4), while "Dr. Flores found that [Petitioner] could understand plea bargaining and

12

AO 72A
(Rev.8/8

the trial process" (id. at 4-5.)  Further, as Judge Johnson

noted:

> During the plea colloquy, [Petitioner] answered the
> Court's questions without the need for clarification
> or further explanation thirty-six times, which was
> four times as often as he requested clarification or
> further explanation.  When [Petitioner] received
> clarification or further explanation from the Court,
> he answered the question, indicating that he
> understood.

(Id. at 5 (citations omitted).)  Judge Johnson also properly

concluded that Dr. Scott A. Duncan's evaluation supported

Petitioner's competency to plead guilty in this case.  (Id. at

5-8 (summarizing Dr. Duncan's evaluation and findings).)

The Court agrees with Judge Johnson that "[a]lthough

[Petitioner] criticizes some aspects of Dr. Duncan's testing,

[Petitioner] argues that the results are mostly consistent

with Dr. Herrera's testing in 2007."  (Id. at 8.)  Judge

13

Johnson also correctly noted that Petitioner failed "to address the statements that he made to Dr. Duncan regarding [Petitioner's] life activities and knowledge of the criminal justice system," which were inconsistent with Petitioner's incompetency claim. (Id.) Finally, the Court agrees with Judge Johnson that, although Dr. Flores's testimony and evaluation may raise "some doubt" about Petitioner's competency, Petitioner "must demonstrate his incompetency by a preponderance of the evidence." (Id. at 8-9.) The Court cannot find that Judge Johnson erred by concluding that Petitioner failed to meet that burden. (Id. at 9.) Further, to the extent that Petitioner argues in his Objections that Judge Johnson failed to make a finding that Dr. Duncan's opinion was correct (Objections at 4), the Court notes that the Supplemental Final Report and

14

Recommendation, at least implicitly, made that conclusion. To the extent that Petitioner claims that this conclusion was incorrect, or that Dr. Duncan's malingering theory is not reasonable or supported by the evidence, the Court rejects that conclusion.   (Objections at 4-13.)   The Court also rejects Petitioner's contentions that he was incompetent to enter his plea.  (Id. at 13-28.)

In sum, the Court agrees with Judge Johnson that Petitioner failed to show by a preponderance of the evidence that he was incompetent to enter his guilty plea as a result of mental retardation.  Petitioner thus cannot obtain relief based on ground one of his § 2255 Motion.  The Court therefore adopts this portion of the Supplemental Final Report and Recommendation, and the corresponding portion of the Final Report and Recommendation, overrules

AO 72A

(Rev.8/8
2)

Petitioner's corresponding Objections, and denies this portion of Petitioner's § 2255 Motion.

## C.   Grounds Three and Four

In ground three of his § 2255 Motion, Petitioner argues that his "guilty plea was not knowingly, intelligently, and voluntarily entered." (§ 2255 Mot. at 7.)  In ground four, Petitioner contends that the Court erred by failing "to inquire about [Petitioner's] competency prior to accepting the guilty plea." (Id. at 8.)  The Court agrees with Judge Johnson that, although these claims initially appeared to be procedurally defaulted, the Government waived procedural default by failing to raise the issue. (Suppl. Final Report & Recommendation at 9.)

The Court, however, agrees with Judge Johnson that ground three fails on its merits.  As Judge Johnson noted,

16

Petitioner's "repeated affirmations of understanding, made under oath during the plea colloquy, are presumed true, and he bears a heavy burden to show that those statements were actually false." (Suppl. Final Report & Recommendation at 10 (internal quotation marks and citation omitted).) The Court agrees with Judge Johnson that Petitioner "has not met his heavy burden for the same reasons that his substantive competency claim (ground one) fails." (Id.) With all due respect to Petitioner, nothing in Petitioner's Objections warrants rejecting this conclusion. (Id. at 28-32.) Specifically, the Court cannot find, as Petitioner argues, that Judge Johnson "improperly applied a presumption of truthfulness to the plea colloquy that is not supported in the context of this claim." (Id. at 31-32.) The Court further declines to find, as Petitioner urges, that

17

"substantial evidence" exists to demonstrate that his plea was not knowing and voluntary.  (Id. at 32.)

Ground four likewise fails.  As Judge Johnson noted, Petitioner's "claim that the District Court should have conducted a competency hearing is a procedural competency claim."  (Suppl. Final Report & Recommendation at 10.)  To obtain relief on that claim, Petitioner must show that the Court "had information raising a bona fide doubt as to [Petitioner's] competency."  (Id. (internal quotation marks and citation omitted).) If Petitioner makes that showing, then the burden shifts to the Government to prove that Petitioner is competent.  (Id. at 11.)

18

The Court agrees with Judge Johnson that Petitioner is not entitled to relief on this claim.  (Suppl. Final Report & Recommendation at 11-12.)  As Judge Johnson noted:

> [Petitioner] relies on the nine instances during the plea colloquy in which he asked the District Court for clarification or stated that he did not understand the Court's question or had forgotten something, even though counsel had spent six hours in the week before the guilty plea explaining the case and concepts to [Petitioner].  However, as the undersigned previously explained, [Petitioner] answered the Court's questions without the need for clarification or further explanation thirty-six times, which was four times as often as he requested clarification or further explanation. When movant received clarification or further explanation from the Court, he answered the question, indicating that he understood.

(Id. at 11 (internal quotation marks and citations omitted).)

Further, although the presentence investigation report cited Dr. Herrera's finding that Petitioner was mentally retarded, Judge Johnson correctly noted that mental retardation,

AO 72A
(Rev.8/8
2)

standing alone, "does not make a person incompetent to [plead guilty]." (Id. (alteration in original) (internal quotation marks and citation omitted).)   To the extent that Petitioner argues otherwise in his Objections, the Court rejects that contention.   (Objections at 34 n.5.)   Further, the Court agrees with Judge Johnson's conclusion that "[d]espite [Petitioner's] mental retardation, Dr. Herrera found that [Petitioner] had a basic understanding of the trial process and could assist his attorney as long as he received repeated explanations and sufficient time." (Suppl. Final Report & Recommendation at 11-12.)   Nothing in Petitioner's Objections warrants rejecting that finding. Likewise, as Petitioner acknowledges "Dr. Herrera's role was not to assess competency, but rather [Petitioner's] level of functioning for mitigation purposes." (Final Report &

AO 72A
(Rev.8/8
2)

Recommendation at 12 (internal quotation marks and citation omitted).)   Judge Johnson properly found that Petitioner "has not established a bona fide doubt as to his competency in the information available to the District Court during [Petitioner's] criminal case." (Id. (internal quotation marks omitted).)  Again, nothing in Petitioner's Objections warrants a different result.  (Objections at 32-35.)  Under those circumstances, Petitioner cannot obtain relief based on ground four.

In sum, the Court agrees with Judge Johnson that Petitioner cannot obtain relief based on grounds three and four of his § 2255 Motion.  The Court therefore adopts this portion of the Supplemental Report and Recommendation, overrules Petitioner's corresponding Objections, and denies Petitioner's § 2255 Motion as to grounds three and four.

AO 72A

(Rev.8/8
2)

## D.  Certificate of Appealability

The Court, however, finds that it is appropriate to issue a certificate of appealability in this case.  Although the Court has adopted in part the Final Report and Recommendation and has adopted the Supplemental Final Report and Recommendation, the Court cannot conclude, as a matter of law, that the resolution of the issues presented in Petitioner's § 2255 Motion is not debatable.  The Court further finds that Petitioner has made a substantial showing of the denial of a constitutional right.  The Court therefore finds that it is appropriate to issue a certificate of appealability as to the following issues: (1) whether Petitioner's trial counsel provided ineffective assistance by failing to investigate Petitioner's alleged mental retardation and by failing to litigate issues surrounding Petitioner's

22

alleged mental retardation (Ground Two); (2) whether Petitioner was incompetent to enter a guilty plea based on his alleged mental retardation (Ground One); (3) whether Petitioner's guilty plea was knowingly, intelligently, and voluntarily entered (Ground Three); and (4) whether the district court violated Petitioner's procedural due process rights by failing to inquire about Petitioner's competency and to hold a competency hearing, allegedly in violation of Pate v. Robinson, 383 U.S. 375 (1966) (Ground Four).

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS IN PART** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [169], **ADOPTS IN PART** Judge Johnson's Supplemental Final Report and Recommendation [205], and **DENIES** Petitioner's § 2255

23

Motion [146]. The Court does not adopt the portions of the Final Report and Recommendation concluding that Grounds Three and Four were procedurally defaulted and recommending that the Court decline to issue a certificate of appealability (Final Report & Recommendation at 5-6, 17-19), and does not adopt the portion of the Supplemental Final Report and Recommendation recommending that the Court decline to issue a certificate of appealability (Suppl. Final Report & Recommendation at 12-13.)

The Court **ISSUES** a certificate of appealability as to the following issues: (1) whether Petitioner's trial counsel provided ineffective assistance by failing to investigate Petitioner's alleged mental retardation and by failing to litigate issues surrounding Petitioner's alleged mental retardation (Ground Two); (2) whether Petitioner was

24

incompetent to enter a guilty plea based on his alleged mental retardation (Ground One); (3) whether Petitioner's guilty plea was knowingly, intelligently, and voluntarily entered (Ground Three); and (4) whether the district court violated Petitioner's procedural due process rights by failing to inquire about Petitioner's competency and to hold a competency hearing, allegedly in violation of <u>Pate v. Robinson</u>, 383 U.S. 375 (1966) (Ground Four).

Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:12-CV-0109-HLM-WEJ.

IT IS SO ORDERED, this the ___ day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

25